## HAMMONS *v.* McCLURE.

(*Knoxville.*     September 28th, 1886.)

LANDLORD AND TENANT.     *Denying title of landlord.     Attornment under mistake.*

If a person, in possession of land, claiming it, attorn to another, under the mistaken belief, induced by misrepresentation, that such other person has title to the land; he is not estopped, by his attornment, in such case, to question the landlord's title, in a suit brought by the latter, to dispossess him.

Case cited and approved: Shultz *v.* Elliot, 11 Hum., 186.

FROM MONROE.

Appeal from the Chancery Court of Monroe County. June Term, 1885. W. M. BRADFORD, Ch.

W. B. STEPHENS for Hammons.

T. E. H. McCROSKEY for McClure.

LURTON, J.   This is a simple bill of ejectment. The legal title, to the land in dispute, is in one John Smith. Complainant claims, that he bought the land from Smith, some thirty years ago; and that Smith gave him the deed, under which he (Smith) held the land, and the grants from the State to his vendor; but admits he never had a deed, or contract in writing, of any sort. Complainant shows no such

title, as will sustain an action of ejectment. He insists, however, that his title cannot be questioned, by defendant, because of the relation of landlord and tenant, which he insists exists between them. Between 1868 and 1871 the land involved was taken possession of by defendant, it being a tract of unimproved, unoccupied mountain land, and reputed to be, in the language of the witnesses, "lost land."

After this possession had begun McClure learned that complainant claimed to be the owner of the land; and manifestly, under the belief that this was so, and that the title was in complainant, he attorned to him, and agreed to make certain improvements on the land, in lieu of rent. This relation of tenant and landlord began in 1871, and continued down to 1876, when defendant, learning that complainant did not have the title, disclaimed his tenancy, of which complainant was given notice. As the possession, between 1871 and 1876, was not adverse, and the time between the disclaimer, and the bringing of this action in 1881, was not seven years, the plea of the statute of limitations is ineffectual, to defeat the action of complainant. It is, however, urged that defendant was not put in possession by complainant; and, only attorned to him, under the mistaken belief, that complainant was the owner of the land, and that he is not estopped from questioning the title of complainant.

The doctrine, that if one receive possession of land from another, and hold under him, he cannot question the title of his landlord, is well established.

It is founded upon grounds of public policy and sound morals, and good faith requires that he should surrender the possession to him, from whom he received it. Such a tenant may be evicted by his landlord, in an action of ejectment, by the proof of the tenancy, without the exhibition of any title whatever. *Washington v. Conrad*, 2 Hum., 563. But this Court, in *Shultz v. Elliot*, 11 Hum., 186, say:

"The rule which estops the tenant to question the title of his landlord until after the relation is dissolved, is subject to various exceptions and qualifications, equally as important, and well established, as the rule itself. A plain mistake of the facts, constitutes one of these exceptions. The tenant is at liberty to show that he took a lease, or attorned to the landlord, under a mistake as to the true state of the title, and that the title was in himself, or out of the lessor. Fraud, artifice, imposition, or undue advantage, is another exception to the rule."

In the same case, the Court say:

"This rule of estoppel, between landlord and tenant, is often extremely harsh and unjust in its operation, and is, therefore, not to be extended to cases to which it does not strictly apply. It applies only in cases where the conventional relation has been created by contract between the parties; and the propriety of its strict application might, perhaps, well be doubted in any case, where the tenant has not, in point of fact, received the actual possession of the premises from the lessor."

In the case before us the lessee did not obtain the possession from the lessor. He was actually in possession, claiming for himself, for a considerable time before complainant knew of his occupancy. The lessee, while thus in possession, learned that complainant claimed to be the owner of the land, and, under the belief that this claim was well founded, applied to complainant first, and afterward to his agent, for a lease. Both, by their representations that the land did belong to complainant, and their silence as to the fact that he had no title, which could be asserted either at law or equity, induced an attornment. We are of opinion that, under this state of facts, the attornment was made through a clear mistake, and that the defendants are not estopped to question the title of the lessor. The lessor is placed in no worse situation than he was before the attornment. The lessee was already in possession at the time of the attornment, and could not then have dispossessed the lessor, because of his want of any sort of title. The title he had then is neither better or worse now, and he has suffered no kind of injury by the attornment made to him, than through his own representations that he was the owner of the land. The reasons for the application of the technical rule of estoppel, which exist when the possession has been obtained from the lessor, do not apply in such a case. Since suit was begun, the lessee, John McClure, has died. The suit was revived against his heirs. The Chancellor gave complainant a decree. From this decree only

a part of the defendants appealed. Those appealing seem to be the only ones in possession. Inasmuch as this is, practically, only an action for possession, neither side having any legal title, we are of opinion that complainant can recover no part of the land.

The decree of the Chancellor will be reversed, and the bill dismissed. Complainant will pay all the costs of this Court, and of the court below.