ORRICK SCHOOL DISTRICT V. DORTON, *Appellant.*

Division Two, December 18, 1894.

1. **Condemnation Proceeding:** SPECIAL SCHOOL DISTRICT: CORPO-RATE EXISTENCE.  In a proceeding by a special school district to con-demn land for a schoolhouse site, defendant may put in issue plaintiff's corporate existence.

2. ———: ———: ———.  Plaintiff's corporate existence being properly put in issue in such proceeding, it devolves upon it to show that a plat of the town had previously been filed in the recorder's office, together with the territory attached, or which was thereafter attached to said town for school purposes, as well as its organization and establishment as a single school district.  Revised Statutes, 1889, sec. 8083.

3. ———: ———: ———: ESTOPPEL.  The facts that defendant, in a proceeding by a special school district to condemn land for school purposes, had resided in said district for ten years and paid school taxes therein and participated in school meetings, do not estop him from disputing plaintiff's corporate existence.

4. ———.  Where land is sought to be condemned for public use against the owner's consent, a strict compliance with every essential pre-requisite of the statute conferring the right is required.

*Appeal from Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Garner, Son & Divelbiss* and *Farris & Son* for appellant.

(1) Before plaintiff can maintain this action it must appear from the evidence that plaintiff was legally organized as a special school district. *City of Hopkins v. Railway Co.*, 79 Mo. 98; *State v. Hays*, 78 Mo. 600; *Robinson v. Jones*, 71 Mo. 582; *State v. Cleveland*, 80 Mo. 108; *Hambleton v. Town of Dexter*, 89 Mo. 189; *Railroad v. Shambaugh*, 106 Mo. 557; Wagner's Statutes, p. 1262, art. 2, secs. 1, 2, 3 and 4. (2) Proof that plaintiff has been acting since 1871 or 1872, as a special school district is not sufficient to confer upon it corporate capacity. See authorities cited above. (3) Additional territory could only have been annexed by compliance with statutes. 2 Wagner's Statutes, p. 1262, art. 2, sec. 17. (4) The law authorizing adjoining territory to be annexed to any city, town or village for school purposes was evidently intended for the convenience and benefit of the inhabitants of such adjoining territory, and does not authorize the location of the schoolhouse outside the platted portion of said city, town or village.

*J. E. Ball* and *J. R. Hamilton* for respondent.

(1) "When there is evidence to sustain a verdict, the testimony will not be weighed by the supreme court." *Carver v. Thornhill*, 53 Mo. 283; *Brown v. Railroad*, 50 Mo. 461. (2) Respondent's petition alleges that it was a corporation duly organized under the laws of the state of Missouri. It may become a corporation by organizing under the general laws of the state, or it may become a corporation *de facto*, and, as such, has power to condemn land for school purposes. Mills on Eminent Domain [2 Ed.], 1888, sec. 61, p.

182; *McAuley v. Railroad*, 83 Ill. 348; *Reisner v. Strong*, 24 Kan. 411; *Stamper v. Roberts*, 90 Mo. 683. (3) The failure to file a plat of the town of Orrick, in the recorder's office of Ray county, is not fatal to the existence of the corporation, but a mere omission which can not be taken advantage of in a collateral proceeding. 95 Mo. 106. (4) The appellant's attempt to deny the existence of the corporation of Orrick school district, and its corporate capacity can not be called in question by the appellant in this case. Judge Cooley in his Constitutional Limitation, page 254, says: "In proceedings where the question, whether a corporation exists or not, arises collaterally, the court will not permit its corporate capacity to be questioned, if it appear to be acting under color of law and recognized by the statute as such. Such questions should be raised by the state itself, by *quo warranto*, or other direct proceedings." The above language is quoted and approved by the supreme court, in the case of the inhabitants of the town of *Fredericktown v. Fox*, 84 Mo. 65; see, also, *Trustee of Bremman*, 16 Mo. 88; *St. Louis v. Shields*, 62 Mo. 247; *Kansas City Hotel v. Howe*, 57 Mo. 126; *Shewalter v. Pirner*, 55 Mo. 218. (5) It was not necessary in this case to prove that every step had been taken in order for said school district to become organized as a school district. It may be considered as existing *de facto*. *Sawyer v. Tompkins*, 23 Mo. 443. In that case the court cites the case in New York of *Stevens v. Newcomb*, 4 Denio, 438, in which the court held that it was not necessary to go through all the steps to show that the district had been duly organized, and that it was enough to show that they had been duly organized as a regular school district for several years.

BURGESS, J.—This is a proceeding by plaintiff claiming to have been organized as a corporation under

the school law applicable to cities, towns and villages to condemn for a new schoolhouse site under section 8001, Revised Statutes, 1889, a strip of ground belonging to defendant, two hundred and ten feet wide by four hundred and twenty feet deep, outside of the corporate limits of the town of Orrick, and outside of the platted portion thereof, but adjoining thereto.

Upon filing the petition with the judge of the circuit court of that county, Ray, defendant filed an affidavit putting in issue the existence of plaintiff as a corporation. The judge, however, appointed commissioners to assess defendant's damages by reason of the taking and appropriation of his land, he and the plaintiff having been unable to agree with respect thereto, which said commissioners reported at the next succeeding term of the circuit court of said county, assessing damages to defendant in the sum of $600. Defendant subsequently and in due time filed his exceptions to said report, which were overruled, the report approved and judgment rendered accordingly, from which he appealed.

No deposit of the amount of damages awarded was made with the clerk of the circuit court, nor was possession of the land taken by plaintiff.

Defendant's first contention is that, before plaintiff can maintain this action it must appear from the evidence that it was legally organized as a special school district. In *St. Joseph & Iowa Railroad Co. v. Shambaugh*, 106 Mo. 557, which was a proceeding to condemn the defendant's land for its right of way, it was held that its corporate existence might be put in issue, for, if the plaintiff had no corporate capacity, it had no right to prosecute the suit. *City of Hopkins v. Railroad Co.*, 79 Mo. 100, was a proceeding begun by plaintiff for the purpose of opening a street in the town of Hopkins, through the depot grounds of defendant,

and it was held that the fact of plaintiff's incorporation rested *in pais* and must be proven as any other fact.

The rule seems to be different in some of the other states, in which it has been held that a *de facto* corporation might exercise the right of eminent domain. *McAuley v. Railroad*, 83 Ill. 348; *Reisner v. Strong*, 24 Kansas, 410; *Schroeder v. Railroad*, 44 Mich. 387; *Niemeyer v. Railroad*, 43 Ark. 111. The case last named was predicated of the fact that no provision is made by the law of that state, Arkansas, for any issue upon the right to condemn, the only question being one of compensation.

The authorities (aside from those last cited), relied upon by plaintiff as holding to a different rule from that announced in the case of *Railroad v. Shambaugh*, *supra*, and *Hopkins v. Railroad*, *supra*, and in which it has been held, that the corporate existence of a *de facto* corporation can not be inquired into, are cases where it was attempted to do so collaterally. Thus, *Stamper v. Roberts*, 90 Mo. 683, was a proceeding by injunction to enjoin the collection of school taxes, and it was rightfully held that plaintiff's corporate existence could not be inquired into in that proceeding. Of a similar character are *Granby Mining Company v. Richards*, 95 Mo. 106; *Fredericktown v. Fox*, 84 Mo. 59; *Kayser v. Trustees of Bremen*, 16 Mo. 88; *St. Louis v. Shields*, 62 Mo. 247; *Shewalter v. Pirner*, 55 Mo. 218.

As under the law as announced by this court, the corporate existence of plaintiff was rightfully put in issue, it devolved upon it to show that in compliance with section 1, article 2, Wagner's Statute, 1872 (sec. 8083, art. 2, R. S. 1889), that the plat of the town of Orrick had previously been duly filed in the recorder's office of Ray county, together with the territory attached, or which was thereafter attached to said town

for school purposes, as well also as to show its organization and establishment as a single school district as provided by the following sections of said article.

The facts that defendant may have been a resident of the school district as organized, for ten years or more, the payment of school taxes by him, and participation in the school meetings do not estop him from disputing plaintiff's corporate existence in this case, wherein his property is sought to be taken against his will for public use.   His recognition of plaintiff as a school district was not inconsistent with the denial of its right to condemn and appropriate his land for a new school house site.

It devolved upon plaintiff in the first place to show that it had the authority to condemn, and this it could not do, by showing recognition by defendant of its corporate existence, and by showing that he was guilty of such acts and conduct as would estop him from denying its corporate existence in a collateral proceeding.

It has always been the law in this state that, when land of the citizen is sought to be condemned for public use, against his will and consent, a strict compliance with every essential prerequisite of the statute conferring the right is required. *Ellis v. Railroad*, 51 Mo. 200; *Cunningham v. Railroad*, 61 Mo. 33; *Anderson v. Pemberton*, 89 Mo. 61. And about the only evidence that this was done in this case was attempted to be shown by the testimony of Mr. Herring, which fell far short of complying with the mandates of the law.

The judgment is reversed. All of this division concur.