White *v.* Railroad.

WHITE *v.* RAILROAD.

(*Jackson.*    May  11,  1898.)

EMINENT DOMAIN.  *Extent of railroad's right to condemn private property.*

Railroads are not entitled to condemn and take for any purpose, or on any account, private property lying outside the limits prescribed and allowed by statute for road purposes.

Acts construed: Acts 1887, Ch. 160; Acts 1875, Ch. 142; Acts 1871, Ch. 55.

Code construed: §§ 1844, 2413 (S.); §§ 1549, 1892 (M. & V.); § 1325 (T. & S.).

FROM  SHELBY.

Appeal  from  Circuit  Court  of  Shelby  County. L.  H.  ESTES,  Ch.

WM.  M.  RANDOLPH  &  SONS  for  White.

ADAMS  &  TRIMBLE  for  Railroad.

CALDWELL,  J.   This  is  a  condemnation  proceeding, wherein  the  Kansas  City  &  Memphis  Railway  &  Bridge Company  obtained  judgment  in  the  Court  below,  condemning,  for  railway  purposes,  a  piece  of  ground twenty-five  feet  square,  the  same  being  the  rear  portion  of  lot  10,  in  block  22,  in  that  part  of  the  city

of Memphis known as Fort Pickering. Francis White, the owner of the lot, has appealed and assigned numerous errors, only one of which requires consideration in this opinion.

Some years anterior to the commencement of the present proceeding, the railway and bridge company, which was an Arkansas corporation, constructed a bridge across the Mississippi river, and acquired, by condemnation and otherwise, a right of way for connecting and terminal purposes in the city of Memphis. This right of way adjoins the lot of ground here in question on one end. One track of its railway is laid in a twelve degrees curve around this end of the lot, and only twenty-five feet from it, so that the line of vision from certain opposite points on the curve must pass directly over the adjacent end of the lot. This end of the lot is elevated above the track, and upon it are situated trees and buildings to such an extent as to obstruct the view between these opposite points on the curve. To get rid of this obstruction and facilitate the operation of its trains upon this part of its track, the company has sought to condemn and reduce twenty-five feet of this end of the lot. One fatal objection to this prayer of the company and to the judgment of the trial Judge allowing it, is that the company has already, at this point, a right of way two hundred feet wide, that being the maximum width that railroad companies are, by the statute, allowed to condemn.

The petitioning company came into this State under the statutes which authorize and empower any railroad corporation, created by the laws of another State, to extend its line into this State a distance of five miles, to reach a terminal point or general or union depot, in or near any city, town or village in this State. Acts 1871, Ch. 55, Sec. 1; Code (M. & V.), § 1237; (Shannon), § 1488; Acts 1887, Ch. 160, Sec. 1; Code (Shannon), § 1874. Such a corporation may acquire its right of way in this State by purchase, gift or condemnation, in the same manner and to the same extent that a domestic railway corporation may acquire its right of way, and not otherwise. Acts 1887, Ch. 160, Sec. 2; Code (Shannon), § 1875. A domestic corporation, authorized by law to construct and operate a railroad, has power of eminent domain, and, under the prescribed forms, may have condemned and appropriated as an easement a right of way "not exceeding two hundred feet" in width, over any person's land through which its lines of road may be located. Code, § 1325; (M. & V.), § 1549; (Shannon), § 1844; Acts 1875, Ch. 142, Sec. 6; Code (M. & V.), § 1892; (Shannon), § 2413.

This statutory limitation is peremptory and conclusive. No company can, by condemnation, go beyond it. The right of condemnation is of statutory origin, and is limited to the provision of the statute. It results, therefore, that the company now before the Court had exhausted its right of condemnation

17 p—7

at the point in question before this proceeding was commenced, and that the Court below erred in permitting the additional appropriation over the objection of the owner.

Reverse and dismiss the petition.