STATE OF MISSOURI EX REL. REBECCA PIERCE AND NEWTE PIERCE, HER HUSBAND, ROLLA PIERCE AND GLADYS PIERCE, HIS WIFE, ANNIE PIERCE, ADMRX., ESTATE OF B. C. PIERCE, DECEASED, AND R. B. PETTS, TRUSTEE, PLAINTIFFS, v. HON. CORNELIUS H. SKINKER, JUDGE OF HICKORY COUNTY CIRCUIT COURT, AND THE UNION ELECTRIC LIGHT & POWER COMPANY, A CORPORATION, DEFENDANTS.—74 S. W. (2d) 893.

Springfield Court of Appeals. August 24, 1934.

Rehearing Denied October 3, 1934.

*Charles E. Haskett, Elmer B. Silvers* and *Poague & Poague* for relators.

*David E. McLean* and *Sebree, Sebree & Shook* for respondents.

SMITH, J.—On August 12, 1933, relators presented to this court their petition for a writ of prohibition, and on the same day the court issued its preliminary writ commanding the respondents to appear and show cause why final judgment in prohibition should not be rendered against them.

The respondents made return. Both sides filed briefs, and made oral argument at the January call, 1934, of the October term, of this court.

The pleadings and exhibits here presented show the following state of facts in connection with the proceedings in this case.

On January 22, 1931, the Union Electric Light & Power Company, a corporation, existing under and by virtue of the statutes of the State of Missouri, filed a petition in condemnation in the Circuit Court of Benton County, Missouri, seeking by said petition to condemn certain lands belonging to Rebecca Pierce, and joining as defendants therein the said Rebecca Pierce and Newte Pierce, her husband, Rolla Pirce, the tenant in possession of said land, and Gladys Pierce, his wife; D. C. Pierce, now deceased (Annie Pierce, duly appointed and qualified administratrix of the estate of D. C. Pierce being herein properly substituted, as beneficiary of a certain deed of trust on said land); and R. B. Petts, trustee in said deed of trust; said action being entitled The Union Electric Light & Power Company, a corporation, plaintiff, against said named defendants.

On February 14, 1931, the Circuit Court of Benton County, Missouri, entered a judgment in condemnation of said lands, consisting of eighteen acres more or less, and appointing commissioners to assess damages shown by Exhibit A-1 filed in this court.

On February 26, 1931, the report of commissioners (Exhibit A-2) was filed with the clerk of the Circuit Court of Benton County Missouri, assessing damages in the sum of two thousand five hundred dollars ($2,500). (The award was paid to the clerk and withdrawn by the land owners.) Afterwards, on March 5, 1931, the Union Electric Light & Power Company filed its written exceptions (Exhibit A-3) to the report of commissioners and requested a jury trial as to the amount of damages. On June 8, 1931, the Circuit Court of Benton County, reviewed the report of commissioners and made and entered an order confirming condemnation and vesting title and right of possession to said land (Exhibit A-4). We shall consider this judgment further hereinafter. Following such review and judgment on June 8, 1931, the Union Electric Light & Power Company filed an application for a change of venue (Exhibit A-5), on the ground that defendants had an undue influence over the mind of the judge of said court. Thereupon, and on June 8, 1931 (but after rendering its judgment aforesaid), the Circuit Court of Benton County made an order granting a change of venue to the Circuit Court of Hickory County, Missouri (Exhibit A-6), and directing the clerk to transmit to Hickory County a transcript of the record together with all original papers in said cause. Pursuant to this order, such transcript was so sent to the Clerk of the Circuit Court of Hickory County, Missouri.

On April 29, 1932, the Union Electric Light & Power Company appeared in the Circuit Court of Hickory County, and filed therein a motion to amend the original petition and original judgment in the cause. This requested amendment shown by Exhibit B-1 both to the petition and the judgment is in words and figures as follows:

"Now on this 29th day of April, 1932, comes the plaintiff in open court, prior to the empanelling of a jury for the trial upon the written exceptions filed to the award of commissioners, and moves the court for permission to amend the petition and judgment in condemnation herein by inserting therein the following stipulation: 'Plaintiff hereby stipulates, that the inundation of that portion of the lands condemned which lies above contour 662 feet above mean gulf level, and below contour 673 feet above mean gulf level, which portion, herein described, lies between said contours, shall be at all times limited to such intermittent and temporary inundation as shall be occasioned in times of flood or high waters by the maintenance and operation of said hydro-electric project with maximum normal pool elevation of water at the dam of 660 feet above mean gulf level, Biloxi, Mississippi.' That portion of the land of said defendants which is above said elevation 662 feet and below said elevation 673 feet and subject to the aforesaid intermittent and temporary inundation is described as follows:" (A minute description of the land is set out.)

On April 29, 1932, the Circuit Court of Hickory County entered an order amending said petition and judgment of condemnation (Exhibit B-2), by which the cause of action and judgment were so altered and changed as to change the land involved in said action from eighteen acres, more or less, as viewed and assessed by the commissioners in Benton County to eight and six-tenths acres of land. None of these relators ever appeared in the Hickory County Circuit Court, either in person or by attorney.

On November 25, 1932, the Circuit Court of Hickory County entered another judgment making a new appraisement, and by which it adjudged that the Union Electric Light & Power Company recover of and from these relators (including D. C. Pierce, deceased) the sum of two thousand dollars ($2,000) being part of the damages theretofore assessed, adjudged, confirmed and paid for the lands so condemned.

D. C. Pierce died on the 20th day of February, 1933. The Union Electric Light & Power Company has presented said judgment, entered by the Circuit Court of Hickory County, as a demand against his estate, and has also caused a transcript thereof to be filed in the office of the clerk of the Circuit Court of Henry County, Missouri, and is threatening to levy upon the lands and property of relators thereunder.

As heretofore stated this court on August 12, 1933, issued its preliminary writ of prohibition commanding the respondents to appear on a day fixed in said writ and show cause why this court should not enter its final judgment prohibiting the enforcement of the judgment of the Circuit Court of Hickory County entered on November 25, 1932, in the action entitled The Union Electric Light & Power Company, a corporation against these relators.

The return of the respondents is in the nature of a demurrer to the petition, and prayed for a dismissal, and is expressed in the following language, caption and formal parts omitted:

"First, there is a defect of parties defendant in that the defendant Union Electric Light & Power Company, a corporation, is improperly included in this proceeding:

"Second, the petition does not state facts sufficient to constitute a cause of action.

"Third, the defendant Union Electric Light & Power Company, a corporation, is not a necessary party to a complete determination of the action."

We can dispose of the first and third paragraphs of the return rather easily. We think it has been held as a general rule that the party litigant is not a necessary party to be named in a proceeding in prohibition, as was done in this instance in naming the Union Electric Light & Power Company, but it has also been held that so naming the litigant is not fatal to the action, and we so hold here. We are sustained in this by the following cases: State ex rel. Powers v. Rassieur (Mo.), 184 S. W. 116; State ex rel. Stroh v. Klene (Mo.), 207 S. W. 496; State ex rel. Phillips v. Barton (Mo.), 254 S. W. 85; State ex rel. Ramsey v. Green (Mo. App.), 17 S. W. (2d) 629.

This brings us then to the only other allegation in the return or to the demurrer to the petition, namely, "the petition does not state facts sufficient to constitute a cause of action."

As we understand it, the rule in prohibition is that where, the record consists of the application with the exhibits attached thereto and made a part of said application, and respondents demur thereto, as in this case, and there are no further pleadings, the undenied allegations of fact contained in the application or petition are taken as the facts of the case. We shall so consider it in this case. [State ex rel. Darst et al. v. Wurdeman, 304 Mo. 583, 264 S. W. 402; State ex rel. Drainage District No. 8 v. John E. Duncan (Mo.), 68 S. W. (2d) 679.]

We have heretofore set out the facts as shown by the application and the exhibits attached thereto. Relators contend that the judgment of the Circuit Court of Benton County rendered on June 8, 1931, was a final adjudication of the cause and that the Union Electric Light & Power Company had no right to a change of venue after said final judgment was entered.. The respondents contend that the judgment of June 8, 1931, was not a final judgment so as to preclude a further hearing as to the amount of damages, and that the Circuit Court of Benton County had jurisdiction to grant the change of venue, and that since the venue was changed to Hickory County, the Hickory County Circuit Court had jurisdiction with full power to try the case.

This record shows that on February 14, 1931, a judgment was

entered in the Circuit Court of Benton County to the effect "That all the right, title and interest of the defendants and each of them in and to all the above described real estate, be and stand condemned and appropriated to the plaintiff for the public purpose hereinbefore mentioned." The "defendants" referred to in the above quotation are the relators here, and the judgment rendered is the judgment provided for under Sections 1340, 1341 and 1342 of the Revised Statutes of Missouri, 1929. In the same judgment three commissioners were appointed as provided by Section 1342, supra. These commissioners made their report on February 26, 1931, assessing the sum of two thousand five hundred dollars for the appropriation of the lands sought, and described the lands. The record shows that the two thousand five hundred dollars were paid to the clerk and that thereafter on March 5, 1931, exceptions to the report of commissioners were filed in the office of the clerk of the Circuit Court of Benton County, and in which written exceptions the plaintiff (respondent here) asked for a jury trial as to the amount of damages, as provided by Section 1344, Revised Statutes of Missouri, 1929.

Thus far in the proceedings there is no complaint or contention by either side as to the method of procedure.

On the 8th of June, 1931, there was filed in the office of the Clerk of the Circuit Court of Benton County the order or judgment of the judge of the circuit court, which is as follows, caption omitted:

### "ORDER CONFIRMING CONDEMNATION AND VESTING TITLE AND RIGHT TO POSSESSION

"Now on this 8th day of June, 1931, it appearing to the satisfaction of the court that on the 28th day of February, 1931, the plaintiff in the above entitled cause did pay into this Court, to the Clerk thereof, for the use of the owners of the land condemned, the amount of damages assessed to the defendants herein by the duly qualified commissioners heretofore appointed by this court, as such damages were assessed by the Report of said Commissioners filed with the Clerk of this Court on February 26, 1931, as to the lands described in plaintiff's petition, in the order appointing said Commissioners and in the Report of said Commissioners; and it appearing that plaintiff has also paid all costs accrued in this case, up to and including the filing of said Commissioners' report including fees and expenses of Commissioners.

"IT IS THEREFORE, ORDERED AND ADJUDGED BY THE Court that the condemnation of said lands be confirmed, and that said lands be and stand appropriated by the plaintiff for the public use alleged in the petition, and that title, right of possession and use of said lands be, and the same are now vested in plaintiff; that defendants, and each of them, be and are hereby ordered to vacate said lands and remove therefrom and deliver up the possession thereof to the plaintiff.

"(Signed)                W. L. P. BURNEY, Judge."

After this order of judgment was filed with the clerk, the Union Electric Light & Power Company filed an application for a change of venue for the reason, "That the defendants in the above entitled cause have an undue influence over the mind of the judge of this court."

Notice of said application had been served upon the defendants, and on the same day, June 8, 1931, it was ordered by the court as follows:

"And now it appearing to the Court that said application is in due and proper form and that reasonable notice has been given to the defendants of the fact that said application would be presented; that the parties have failed to agree upon a judge and refuse to agree to the election of a special judge, it is ordered by the Court as follows:

"1. That the venue of this cause be changed from the Circuit Court of Benton County, Missouri, to the Circuit Court of Hickory County, Missouri, a county where the prejudice complained of does not exist.

"2. That the clerk of this court forthwith prepare and transmit to the Clerk of the Circuit Court of Hickory County, Missouri, a transcript of the record in this court, together with all original papers.

"(Signed)   W. L. P. Burney,
"Judge."

While the judgment rendered on June 8, 1931, which we have heretofore quoted, is so worded that it might appear as a final judgment, yet in the light of the provisions of Section 1344, Revised Statutes of Missouri 1929, we think, and hold that the trial court did not have authority, after exceptions had been filed with written request for a jury trial, to render such a final judgment as to preclude the submission of the amount of damages to a jury, for the statute does not provide for such a judgment. We further think that the trial judge did not so understand the judgment, for immediately thereafter he permitted the application for change of venue to be filed and made an order sustaining the application and ordered the clerk to transmit a transcript of the record of that court, together with all original papers, to the Clerk of the Circuit Court of Hickory County.

The Union Electric Light & Power Company had a right to have a jury pass on the question of damages, under the supervision of an unbiased court, and therefore had the right to a change of venue.

The question of a right to apply for a change of venue, and the authority to transfer the case to another county, and the jurisdiction of the court to which the case has been sent, is now well settled. In a very recent case by the Supreme Court that court reviewed a long line of decisions covering these points. [State ex rel. v. Bruce, 66 S. W. (2d) 847.] Following that case we hold that the

application for change of venue was timely, that the Circuit Court of Benton County had authority to transmit the case to Hickory County and that the Circuit Court of Hickory County obtained jurisdiction to dispose of the matters before it. [State ex rel. Ford v. Hogan (Mo.), 27 S. W. (2d) 21, 24.]

Since the Circuit Court of Hickory County had jurisdiction of the case after change of venue, as we have heretofore held, did that court have a right to permit the amendment to the original partition and the judgment?

We have been cited no case, nor have we found any, that is exactly on all fours with this case. Both sides have cited cases that are similar in some respects, and that are decisive of some of the issues. Taking the provisions of our statutes pertaining to condemnation proceeding, together with cases hereinbefore cited, as well as some hereinafter cited, we have reached these conclusions, namely, that the Circuit Court of Benton County had jurisdiction of this case for all purposes, and that that jurisdiction remained there until he sustained the motion for change of venue and made the order transmitting the case to Hickory County. The judgment entered on February 14, 1931, was an interlocutory judgment of condemnation. That court had jurisdiction to permit amendments to the pleadings and to enter judgment in keeping with those amendments, and that jurisdiction would have continued in that court until final judgment had been entered, if the change of venue had not been granted before the final judgment was entered. After the change of venue had been granted to Hickory County, with the transcript of the record of the Court in Benton County, together with all original papers, then the Circuit Court of Hickory County had jurisdiction of the case, and especially such proceedings as affected the amount of compensation to be allowed. [Section 1344, R. S. Mo. 1929.] We think such proceeding as was done here when the amendment was made reducing the acreage from eighteen acres to eight and six-tenths acres was such a proceeding as to affect the amount of compensation.

A case very much in point, in which some of the issue involved here were discussed is the case of Union Electric Light & Power Co. v. Snyder Estate, 65 Fed. (2d) 297, and at pages 308 and 309 of that opinion we find this language:

"Conceding, without deciding, that the so-called judgment in condemnation entered in this proceeding entitled the plaintiff permanently to flood the land to an elevation of 670 feet, did the entry of such a so-called judgment obligate the plaintiff to appropriate and pay for the property to that extent, and was such so-called judgment a final judgment which could not be modified during the subsequent proceedings in the trial court? We have already observed that the statute makes no provision for the entry of such a judgment, and it is further to be noted that the statute specifically con-

fers upon the condemnor the right of abandoning the appropriation within ten days from the return of such assessment. The Supreme Court of Missouri has held that in the event the proceeding is retried before a jury, the condemnor may abandon the proceeding within ten days after the assessment of the damages, by a jury. [State ex rel. v. Fort, 180 Mo. 97, 79 S. W. 167.] By whatever name the order or judgment may be designated, it is clear that it did not, when entered, finally impose upon plaintiff the obligation of taking, appropriating, and paying for the property therein described, because the statute specifically provides that the plaintiff might abandon the proceeding within ten days after the jury had returned a verdict. At the time, therefore, that the court changed its instructions, the plaintiff had not become obligated by the so-called judgment to take and pay for the property described. It had in fact not taken and appropriated the property above the elevation of 660 feet, and if it had the right so to do under the so-called judgment, then it had the right to abandon any part of the property not already appropriated, and it offered so to do by a stipulation tendered in open court. The so-called judgment in condemnation may have been a finality in so far as it adjudicated the right of the plaintiff to take the property described under the power of eminent domain, but it was not a final judgment in the sense that it required the plaintiff to take, appropriate, and pay for such property. It is only after the landowner's right to compensation has become vested, that the plaintiff may not dismiss or abandon its proceeding, and in the instant case there had only been an actual appropriation by the plaintiff up to the elevation of 660 feet. A so-called judgment, entered under this Missouri statute, could not make a final and complete determination of the controversies between the parties. It did not terminate the litigation on its merits, and hence was not a final judgment. [Clark v. Kansas City, 172 U. S. 334, 19 S. Ct. 207, 43 L. Ed. 467; Oeslions v. La Compagnie Generale Transatlantique, 210 U. S. 95, 28 S. Ct. 664, 52 L. Ed. 973; Ft. Dodge Portland Cement Corp. v. Monk (C. C. A. 8), 276 Fed. 113; Carmichael v. City of Texarkana (C. C. A. 8), 116 Fed. 845, 58 L. R. A. 911; Gladys Belle Oil Co. v. Mackey (C. C. A. 8), 216 Fed. 129.]

"The so-called judgment not being final, was not subject to the rule that the court cannot modify or change an order or judgment after the expiration of the term at which it was entered. [Standard Savings & Loan Ass'n v. Aldrich (C. C. A. 6), 163 Fed. 216, 20 L. R. A. (N. S.) 393; Dangerfield v. Caldwell (C. C. A. 4), 151 Fed. 554.]

"The right of eminent domain is statutory, and the enforcement of it is subject to a compliance with the conditions and requirements prescribed by statute. [Western Union Telegraph Co. v. Louisville & N. R. Co. (C. C. A. 5), 250 Fed. 199; State v. Grimm, 314 Mo. 242, 284 S. W. 490; City of St. Louis v. Smith, 325 Mo. 471, 30 S. W. (2d) 729; City of St. Louis v. Glasgow, 254 Mo. 262, 162 S.

W. 596; Orrick School Dist. v. Dorton, 125 Mo. 439, 28 S. W. 765.] The jurisdiction conferred on the court being statutory the court in entering its judgment could not go further than permitted by statute. [United States v. Moorehead, 1 Black (66 U. S.) 488, 17 L. Ed. 80; Reid Creamery & Dairy Supply Co. v. City of Philadelphia, 274 Pa. 251, 118 Atl. 11; Dickel v. Bucks-Falls Elec. Co., 306 Pa. 504, 160 Atl. 115; White v. Kansas City & M. Ry. & Bridge Co., 101 Tenn. 95, 45 S. W. 1073; Tudor v. Chicago & S. S. R. T. R. Co. (Ill.), 27 N. E. 915.]

"The Supreme Court of Missouri has held that the order appointing the commissioners is interlocutory only. [St. Joseph Terminal R. Co. v. Hannibal & St. J. R. Co., 94 Mo. 535, 6 S. W. 691; State ex rel. v. Edwards, 104 Mo. 125, 16 S. W. 117. See, also, Luxton v. Bridge Co., 147 U. S. 337, 13 S. Ct. 356, 37 L. Ed. 194.]

"It is apparent that the petition as filed with the lower court, seeking the appointment of commissions, was based upon the rights conferred upon the plaintiff as defined in the license issued by the Federal Power Commission. By appropriate reference this was made a part of the petition, and in turn, all the maps, plats, drawings, and diagrams were embodied therein; and we should not presume that it was the purpose of the court to enter a judgment which conferred greater rights than the plaintiff had acquired from the duly constituted authorities. But, in any event the rights acquired were such as the plaintiff had a right to waive or abandon, and as said by the Supreme Court of Missouri in St. Louis, K. & N. W. Ry. Co. v. Clark, 121 Mo. 169, 25 S. W. 192, on rehearing at pages 906, 907, 26 L. R. A. 751. 'Upon an assessment by a jury, in case the road has already been constructed, it seems too plain to require more than a statement of the proposition that the damage should be ascertained in view of the condition in which the unappropriated land is left by the use actually made of the easement. . . . No good reason can be seen why the condemning company should not have the right to announce, upon the trial, and have made a matter or record, if not done in its petition, the manner in which the right of way should be used; otherwise, the jury would have the right to make the award on the basis of the most injurious use to which the easement could be lawfully applied in the construction and operation of the road. . . . Our opinion is therefore, that the offer made by the railroad company in this case, upon the trial to so construct its road as to reserve to the landowner two crossings, was a matter going to the damage to be allowed, though incidentally the reservation may have limited to a certain extent the use of the easement.' [See also, City of Cape Girardeau v. Hunze, 314 Mo. 438, 284 S. W. 471, 47 A. L. R. 25; City of Chicago v. Lord, 276 Ill. 571, 115 N. E. 397; Olympia Light & Power Co. v. Harris, 58 Wash. 410, 108 Pac. 940; City of Seattle v. Faussett, 123 Wash. 613, 212 Pac. 1085;

938

Milwaukee Elec. Ry. & Light Co. v. Becker, 182 Wis. 182, 196 N. W. 575.]

"We conclude that the court correctly declared the law in its first instruction, and that it was in error in withdrawing that instruction and in giving the additional instructions referred to, especially in view of the offer of plaintiff to stipulate an abandonment and waiver of any right permanently to take or flood lands above the level of 660 feet."

It is our conclusion that the Circuit Court of Hickory County had jurisdiction of the case in condemnation for all purposes after the case was transferred on change of venue, and, if that court was acting within the limits of its jurisdiction, as we think it was, we cannot control its discretion or force a particular judgment through the issuance of a writ of prohibition. [50 C. J., sec. 20, p. 665; State ex rel. Hog Haven Farms v. Pearcy, 328 Mo. 560, 574, 41 S. W. (2d) 403; State ex rel. Drainage District No. 8 Pemiscot County v. John E. Duncan, Judge (Mo.), 68 S. W. (2d) 679.]

Therefore our provisional rule heretofore issued should be discharged. It is so ordered. *Allen, P. J.,* and *Bailey, J.,* concur.