JOSEPH L. WEIR, JR., and JOHN FRANCIS WEIR, Minors, by MARY J. WEIR, Their Next Friend, Appellants, v. PAUL F. BRUNE, d/b/a CAMILLE MORAN and BRUNE REALTY COMPANY, and OSCAR P. PAULIS, d/b/a CAMILLE MORAN and BRUNE REALTY COMPANY, Respondents, No. 43742—262 S. W. (2d) 597.

Division Two, November 9, 1953.
Rehearing Denied, December 14, 1953.

J. *Raymond Dyer* and *Alexander M. Goodman* for appellants.

J. *E. Sigoloff* and *Charles S. Sigoloff* for respondents.

BOHLING, C.—Joseph L. Weir, Jr., and John Francis Weir, minors, by Mary J. Weir, their mother, as next friend, sued Paul F. Brune and Oscar P. Paulis, the owners and lessors of a "tenement" for actual and punitive damages occasioned when the children were bitten by a rat. We have jurisdiction by reason of the amount involved.

Plaintiffs state: "They were both bitten by the same rat, on the same occasion, while asleep in their mother's first-floor flat on Rutger street, in St. Louis." The pleader drafted the amended petition (upon which the case is pending) in three alternative counts, asking damages for both plaintiffs in each count. Count one is based, primarily, upon the violation of an ordinance of the city of St. Louis, known as the "rat ordinance." "Alternative" count two is based upon "common law negligence," the maintenance of a dangerous nuisance, "a harborage" for rats. "Alternative" count three is based on "fraudulent breach of contract" in the rental of the premises to the mother and next friend.

The defendants filed a motion to dismiss each count of the amended petition on the ground that "said counts fail to state facts sufficient to constitute causes of action against defendants." On March 3, 1952, the court ordered "that said motion be sustained as to Count One, and overruled as to Counts Two and Three of said petition." Plaintiffs thereupon appealed.

The court did not order a separate trial of count one or counts two and three and plaintiffs made no effort to have the court do so. (See, among others, § 510.180, and Rule 3.29. Missouri statutory references are to RSMo 1949.) We accordingly considered the record to be "so plainly not a final judgment for appellate purposes as to require no discussion" and dismissed the appeal. See, 256 S. W. 2d 810. Our opinion was handed down March 9, 1953.

The instant appeal is the second appeal involving said order of March 3, 1952, as supplemented by a later order for a separate trial of counts two and three, as presently developed.

On March 13, 1953, plaintiffs filed a motion in the trial court "(A) to order the separate trial of alternative Counts II and III of plaintiffs' amended petition herein * * and (B) either (1) to vacate the portion of the order entered herein on March 3, 1952, * * sustaining defendants' motion to dismiss Count I of plaintiffs' petition, and to grant a rehearing as to said motion in so far as it seeks the dismissal of said Count I, or (2)," should said order not be vacated, "to enter a final, actual, appealable judgment dismissing said Count I, with prejudice."

Plaintiff in said motion informed the court of the dismissal of their appeal by this court and advanced as the reason for a separate trial of counts two and three (specification A of the motion) "that Counts I, II and III of their amended petition are all alternative counts, and that to go to trial on any one would constitute an election of ▬▬▬ that one by plaintiffs and their abandonment of the others, including Count I."

Upon defendants confessing to specification A of plaintiffs' motion, the court on March 18, 1953, sustained said motion as to specification A and ordered "that a separate trial be had on Counts II and III of plaintiffs' amended petition."

On March 19, 1953, leave first being had and obtained, plaintiffs withdrew specification B of their motion of March 13, 1953.

On March 23, 1953, plaintiffs served on defendants and, on March 24, 1953, filed in this court a motion for rehearing on our ruling dismissing plaintiffs' appeal, basing the same primarily on the order entered by the trial court on March 18, 1953, for a separate trial on counts two and three of plaintiffs' amended petition. And on March 23, 1953, plaintiffs filed in the trial court their notice of appeal (quoting): "from the order entered in this action on the 3rd day of March, 1952, sustaining defendants' motion to dismiss Count I of plaintiffs' amended petition, which order was made final by the order of March 18, 1953, ordering the separate trial of Counts II and III of plaintiffs' amended petition."

We overruled plaintiffs' said motion for rehearing and the instant proceeding is pending on the notice of appeal of March 23, 1953.

We ordered on plaintiffs' motion, defendants consenting, that the transcript on the former appeal, as supplemented after the former submission, be considered the transcript on the present appeal; and that the printed briefs on the former appeal be considered as refiled herein, with leave to the parties to supplement the same, "particularly with reference to the procedural question" involving plaintiffs' right to maintain the instant appeal. We find no "supplemental" brief on file.

Section 512.020 provides, so far as material, that any aggrieved party "may take his appeal * * from any final judgment in the case * *." "A judgment is the final determination of the right of the

parties in the action." § 511.020. It ordinarily disposes of all the parties and all the issues in the case. Deeds v. Foster, Mo., 235 S. W. 2d 262, 265[1-5]; Bennett v. Wood, Mo., 239 S. W. 2d 325, 327[3]. Trial courts in furtherance of convenience and to avoid prejudice, are authorized to order separate trials of any claim, cross-claim, counterclaim, third party claim or any separate issue. § 510.180(2). See also §§ 507.040, 507.050. Broadly, our Rule 3.29 authorizes the entry of a final judgment, in an appealable sense under § 512.020, when a separate trial of any *"claim, counterclaim, or third party claim"* is ordered in any case.

We have said many times that the right of appeal is purely statutory. Tucker v. Miller, Mo., 253 S. W. 2d 821, 823[1] and, among others, cases cited. So far as here involved appeals, absent specific authority, do not lie from rulings on motions which do not constitute a final disposition of a claim (cause of action), as cases are not to be brought to appellate courts by appeal in detached portions. St. Joseph Terminal R. Co. v. Hannibal & St. J. R. Co., 94 Mo. 535, 542, 6 S. W. 691, 692; Wicker v. Knox Glass Associates, 362 Mo. 614, 242 S. W. 2d 566, 571; Magee v. Mercantile-Commerce Bk. & Trs. Co., 339 Mo. 559, 98 S. W. 2d 614, 616; Green v. Green, Mo. App., 240 S. W. 2d 741, 742[4]; Kidd v. Katz Drug Co., Mo. App., 244 S. W. 2d 605, 606[4].

The pleader in the instant case made three different statements of one and the same claim (cause of action) for each plaintiff, each statement being designated a count in the petition and purporting to disclose a distinct right of action in each plaintiff arising from the same state of facts. The pleader, after stating plaintiffs' case in one view, evidently was doubtful whether, as so stated, it was sufficient in point of law or capable of proof in point of fact, and perceived other modes of statement by which he hoped to avoid the apprehended difficulty. There can be but one recovery of damages for each plaintiff.

Plaintiffs direct our attention to no Missouri authority for the instant appeal. In ▮▮▮▮ connection with their motion for rehearing on their first appeal, plaintiffs stressed Federal Rule 54(b) (28 U.S.C.A. "Rules" 54(b); Carr, Mo. Civ. Prac. § 860); Republic of China v. American Express Co., Inc., 190 F. 2d 334, and Dyer v. MacDougall, 201 F. 2d 265.

Plaintiff, in the Republic of China case, sought the recovery of a deposit of $524,990.16. Defendant filed a counterclaim for interpleader and, for its protection if the interpleader failed, an affirmative defense. The fund, upon order discharging the interpleading stakeholding defendant from liability to plaintiff, was deposited in the registry of the court, and for practical purposes the defendant withdrew from the suit and became a bystander. A basic distinction between that and the instant case on the issue under discussion is

that the trial court's order was a final determination of the controversy between said plaintiff and defendant so far as defendant's right to retain the fund was concerned.

The Dyer case was an action for libel and slander in four counts. Each count involved a transaction or occurrence entirely distinct from the transactions or occurrences giving rise to the other counts—separate claims or causes of action—a multiple claim action. The trial court dismissed the third and fourth counts and, in conformity with Rule 54(b) certified that he gave express direction for the entry of judgment and that there was no reason for delay. In Lightfoot v. Jennings, Mo., 254 S. W. 2d 596, an action for libel and slander in three counts, a separate trial was ordered on count three and a situation like that in the Dyer case existed with respect to the different counts involving separate claims or causes of action.

The cited cases do not sustain plaintiffs' contention. Other Federal cases are to the effect that the Federal rules contemplate the entry of an appealable judgment on the determination of a complete claim; that is, a judgment which terminates the action with respect to the claim disposed of. The judicial unit for an appeal is the final determination of the issues arising from a set of facts involved in the same transaction or occurrence, and not the determination of an individual issue not disposing of the action. An order dismissing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation. Munson Line, Inc. v. Green, 2d Cir., 165 F. 2d 321; Atwater v. North Am. Coal Corp., 2d Cir., 111 F. 2d 125; Clarke v. Taylor, 2d Cir., 163 F. 2d 940, 942[2]; Canister Co. v. National Can Corp., 3d Cir., 163 F. 2d 683; Rosenblum v. Dingfelder, 2d Cir., 111 F. 2d 406, 407.

This is not an action involving multiple claims founded upon separate transactions or occurrences. § 509.120. The three counts of the instant petition were only different ideas of the pleader for recovery on the one single matter involved. Perhaps one count would have sufficed. § 509.110. It is the differing transactions or occurrences giving rise to a claim that forms the basis of separate units of judicial action and not the differing legal theories or issues presented for recovery. Neither the statutes nor our rules authorize litigants to bring one legal theory of recovery in a case to an appellate court while other legal theories of recovery on the same claim stand for trial. It is the final judgment on a claim, not the ruling on a pleaded issue, that is appealable.

The appeal should be dismissed. It is so ordered. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.