STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Respondent,

v.

Grace D. SMITH, Paul Hamilton Realty
Company, O. S. Pulliam, Trustee, and Mid-
West Records, Inc., Appellants.

No. 45442.

Supreme Court of Missouri,
Division No. 2.

June 10, 1957.

Clifford B. Smith, Kansas City, for appellants.

Robert L. Hyder, Minor C. Livesay, Jefferson City, for respondent.

BOHLING, Commissioner.

The relator (respondent here) presents the issue that this appeal by defendants (appellants here) should be dismissed, because there is no final judgment in the case upon which to base an appeal. The issue is for consideration whether raised or not. Deeds v. Foster, Mo., 235 S.W.2d 262 [1]. Relator's point is well taken. We have jurisdiction by reason of the amount in dispute.

On June 23, 1955, the State of Missouri at the relation of the State Highway Commission instituted condemnation proceedings in the Circuit Court of Jackson County, Missouri, seeking, among other things not here involved, a right-of-way easement across a tract of land, more particularly described in item 14 of relator's petition, of Grace D. Smith, Paul Hamilton Realty Company, O. S. Pulliam, Trustee, and Mid-West Records, Inc.

The defendants on July 13th filed a request for the court to instruct the commissioners to the effect that machinery and equipment in a building on land used as a factory or plant is a part of the land taken under condemnation proceedings.

No action was had on defendants' request, but the record discloses that, under an agreement, the commissioners were to

value the machinery and equipment in question separately from the land.

Following the appointment of the commissioners, defendants filed a motion for an order that all of the machinery and equipment used as a printing plant on the premises condemned was a part of the realty and property taken under the condemnation proceedings. Relator filed an answer in opposition to said motion.

The report filed by the commissioners valued defendants' land at $42,000 and the machinery and equipment here involved at $25,000.

Defendants and also relator filed timely exceptions to the report of the commissioners, each demanding a jury trial.

On December 2nd defendants' motion that the machinery and equipment on the premises was part of the property condemned and relator's answer in opposition were taken up by the court; and during the argument of said motion stipulations were entered into and testimony was adduced regarding said machinery and equipment.

The court took the matter under advisement and on December 6th entered its "Order" of record, which, after preliminary recitals and so far as material, stated the court " * * * finds that the machinery and equipment referred to in said Motion and Answer are personal property and not subject to condemnation, and that said defendants' motion should be overruled.

"Now, Therefore, it is Ordered and Adjudged by the Court that the motion of defendants Grace D. Smith, Paul Hamilton Realty Co., O. S. Pulliam, Trustee, and Mid-West Records, Inc., for an order that the machinery and equipment are part of the condemnation proceedings be and the same is overruled, to which action and ruling of the Court said defendants object and except."

On December 14th the parties filed a stipulation to the effect that the machinery and equipment involved could be removed by the defendants without prejudice to the contentions of the respective parties that it was or was not a part of the real estate.

Defendants on said day also filed a motion for new trial, which was overruled. Defendants thereupon filed a notice of appeal "from the judgment entered in this action on the 6th day of December, 1955."

■ Trial courts may in stated circumstances "order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue" (§ 510.-180, subd. 2; see also §§ 507.040, 507.050—statutory references are to RSMo 1949 and V.A.M.S.); and defendants contend their appeal falls within Supreme Court Rule 3.29 (42 V.A.M.S. amended, 292–293 S.W. 2d (Mo. Dec'ns) xviii, effective May 15, 1957), which provides that the separate judgment entered upon a separate trial (jury or non-jury) "of any claim, counterclaim or third-party claim" shall be deemed in stated circumstances a final judgment within the meaning of § 512.020. However, we reach the conclusion defendants' motion did not present a "claim, counterclaim or third-party claim" within the provisions of Rule 3.29 for reasons hereinafter stated.

■ The right of appeal is purely statutory. Section 512.020, so far as material here, authorizes an appeal "from any final judgment in the case." Consult also §§ 511.020, 511.130. The general rule is that a final appealable judgment must dispose of all the parties and all the issues of a claim. Pizzo v. Pizzo, Mo., 295 S.W.2d 377, 379; Weir v. Brune, 364 Mo. 415, 262 S.W.2d 597, 599; Anderson v. Metcalf, Mo., 300 S.W.2d 377, 378.

The State Highway Commission is authorized to condemn lands for state highway purposes in accordance with the provisions of Chapter 523. § 227.120(13), and see § 226.270. The report of the commissioners appointed to assess the damages is subject to timely exceptions filed by either party (§§ 523.040, 523.050, 523.060); and

we find no authority for an appealable judgment as long as the controversy between the condemner and landowner is pending on exceptions to the commissioners' report.

Defendants' claim against relator was for the damages occasioned by the easement for highway purposes over defendants' land. Defendants' motion that the machinery and equipment involved was a part of the land taken was not an original and independent proceeding. It was only an incidental step presenting an issue arising under defendants' claim against relator. Only one transaction formed the basis of defendants' claim, and after ruling said motion defendants' damages for the taking of the land remained for determination by a jury. "Every direction of a court or judge, made or entered in writing and not included in a judgment, is denominated an order, and an application for an order is a motion." § 506.050. Under this statute a "motion" calls for an "order" only, not a judgment, and defendants were not entitled to a final judgment against themselves on the motion.

An order on a part of a claim or on issues not disposing of the whole of a claim is not a final judgment. We consider the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim, to be the judicial unit for an appeal. Claims are not for review upon appeal piecemeal or in detached portions. Weir v. Brune, 354 Mo. 415, 262 S.W.2d 597, 599 [5, 7, 8]; State ex rel. State Highway Comm. v. Hammel, Mo., 290 S.W.2d 113, 117; Madison v. Sheets, 361 Mo. 712, 235 S.W.2d 286, 283; Lawrence County v. Johnson, Mo., 269 S. W.2d 110 [2]; Anderson v. Metcalf, Mo., 300 S.W.2d 377, 378 [5–7]; State ex rel. Pierce v. Skinker, 228 Mo.App. 928, 74 S. W.2d 893, 897 [3]. For instances where a judgment disposed of less than all defendants asserted to be jointly liable on a claim, consult § 511.130; Ford v. Ford, Mo., 24 S.W.2d 990; Downey v. United Weather-

proofing, Inc., Mo., 241 S.W.2d 1007; Wicker v. Knox Glass Associates, Inc., 362 Mo. 614, 242 S.W.2d 566, 571. With respect to the jurisdiction of a court over interlocutory judgments or orders entered on motions, consult State ex rel. State Highway Comm. v. Hammel; Madison v. Sheets, supra; and Davis v. Davis, Mo., 252 S.W.2d 521, 524 [9].

Defendants' appeal was premature and is dismissed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.