John HARGER, Employee, Respondent,

v.

ACME FAST FREIGHT, INC., a Corporation, Employer, and Maryland Casualty Company, Insurer, Appellants.

No. 30205.

St. Louis Court of Appeals.

Missouri.

July 21, 1959.

Motion for Rehearing or to Transfer to Supreme Court Denied Aug. 24, 1959.

G. W. Marsalek, St. Louis, for appellants.

James P. Hayes, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is an appeal by the employer and insurer in a Workmen's Compensation case. There was an appeal to the circuit court by the claimant from an award of the Industrial Commission denying compensation. The circuit court held that since the Commission found in its award that the injury complained of did not arise from an accident it lacked jurisdiction of the claim and the court remanded it to the Commission with directions to dismiss the claim for lack of jurisdiction. It is from this order that the employer and insurer have appealed.

John Harger filed his claim against the Acme Fast Freight, Inc. on March 15, 1957. He claimed that he had suffered an accidental injury to his back while working for Acme Fast Freight, Inc.

The evidence of the claimant was to the effect that on December 28, 1956, he was loading freight as a freight handler for his employer. He was assisted by another employee named Stram. The freight which they were engaged in loading consisted of 70 crates weighing 30 to 45 pounds each. They were loading them from a freight dock into a trailer. It was an older type trailer and the bed of it was higher than those into which they usually loaded freight from the dock. The usual manner of loading such freight was to take it into the trailer with a lift truck. This was accomplished by backing the trailer up to the dock and then putting a steel bridge plate from the dock to the trailer. The lift truck could then be run over the bridge plate into the trailer. The trailer that claimant and Stram were loading was about a foot and a half higher than the dock and had no holes in the back for attaching a bridge plate so no bridge plate could be used. The trailer was parked with its back about 3 or 4 feet from the dock. The claimant stood with his right foot on the trailer and his

left foot on the dock and threw the crates to Stram who was in the trailer. Stram stacked the crates as he caught them.

The two men started the work at about 5:45 p. m. and had to finish by 6:00 p. m., which was their quitting time. There was testimony that the usual time required for loading that much freight was 20 to 45 minutes. The claimant was standing in a strained position as he passed the freight to Stram and when he had finished the loading it was difficult for him to straighten up because his back hurt. He did not work the next day and two days after the alleged accident he went to the company doctor. He was treated by the company doctor five or six times and then he saw his family physician, a Dr. Bowersox. Slightly over a month prior to the alleged accident the claimant had gone to Dr. Bowersox for backache which he then had suffered for a period of about two weeks. Dr. Bowersox diagnosed the condition complained of after the incident in question as a low back strain, and he said that it was probably a recurrence of the back trouble for which he had previously treated the plaintiff. He stated the claimant was suffering from a chronic low back strain which would be permanent and cause a 50 to 60 percent disability.

A medical examiner for the employer testified that without regard to the history of the case he could find no evidence of permanent disability to the back. There was also evidence on behalf of the employer that the method of loading freight described by Stram and the claimant was not unusual, but that it would be unusual for the back of the trailer to be three feet away from the dock.

The foregoing is substantially the evidence upon which the referee made the following finding and award:

"I find from the evidence that the back injury of which employee complains was not the result of an accident within the meaning of the Workmen's Compensation Law [Section 287.010 RSMo 1949, V.A.M.S.], and that employee did not sustain an accidental injury on or about December 28, 1956, arising out of and in the course of his employment."

The employee filed a timely application for review, in which he stated:

"The reason why petitioner feels such finding is unwarranted and unsupported by the evidence is that all the evidence indicates that the injury complained of resulted from an accident within the purview of the Workmen's Compensation Law, or, in the alternative, should have been denied on the basis of lack of jurisdiction in the Division of Workmen's Compensation for want of an accidental injury, and, therefore, is contrary to law."

The Commission affirmed the referee's award, stating that it did so on authority of Crow v. Missouri Implement Co., Mo.App., 301 S.W.2d 423. An appeal was taken by the claimant to the circuit court and the circuit court took no action on the appeal except to remand the claim for further consideration "in view of Crow v. Missouri Implement Co., Mo., 307 S.W.2d 401." This case had been published since the appeal was taken.

The original case of Crow v. Missouri Implement Co., Mo.App., 301 S.W.2d 423, which the Commission had cited as authority for its award was decided by the Springfield Court of Appeals. The case was transferred to the Supreme Court on application of the claimant and the Supreme Court decided the matter contrary to the decision of the Springfield Court of Appeals. Crow v. Missouri Implement Co., 307 S.W.2d 401. This accounts for the action of the circuit court on the first appeal. The Commission reviewed the claim as it was directed by the circuit court and made the following final award:

"We find from all the evidence that the employee, on or about December 28, 1956, handled some seventy crates.

of uniform size, shape, and weight in the course of his employment. We further find that the handling of these crates was not accompanied by any abnormal or unusual strain and further find and conclude that the employee did not sustain an accident arising out of and in the course of his employment with Acme Fast Freight, Inc. on or about December 28, 1956, as alleged. Cf. Crow v. Missouri Implement Tractor Co., Mo., 307 S.W.2d 401.

"Compensation, therefore, must be and the same is hereby denied."

The claimant again appealed to the circuit court. Upon this last appeal, with which we are here concerned, the circuit court affirmed the award of the Commission but later set aside the affirmance on the ground that since there was a finding that there was no accident the Commission should have dismissed the claim for lack of jurisdiction. The final judgment on appeal to the circuit court remanded the claim to the Commission's direction to dismiss it for lack of jurisdiction. As stated, it is from this order that the employer and insurer have appealed.

The claimant, respondent, contends that the employer and insurer have no right to appeal. He asserts that the direction of the circuit court to dismiss the employee's claim for want of jurisdiction was a final determination of the claim in the employer's favor, and that it is not therefore "aggrieved" by the judgment as required by Section 512.020, V.A.M.S. governing the right of appeal. The employer conversely maintains that the order of the circuit court does not completely determine its action, and that it has the right to have its dispute finally determined.

■ The right of appeal is purely statutory. Fenton v. Thompson, 352 Mo. 199, 176 S.W.2d 456; Anderson v. Metcalf, Mo. Sup., 300 S.W.2d 377; State ex rel. Highway Commission v. Smith, Mo.Sup., 303 S.W.2d 120. Section 512.020, V.A.M.S. covers those who may appeal and grants that right to "any party to a suit aggrieved by any judgment * * *."

■ The question, therefore, is whether or not the employer was aggrieved by the decision of the circuit court. This is the same point that was decided by the Supreme Court in McClain v. Kansas City Bridge Co., 338 Mo. 7, 88 S.W.2d 1019. That case involved a claim for death benefits by the widow of an employee of the Kansas City Bridge Co. The employee fell from a bridge into the Missouri River and was drowned. The Compensation Commission found for the claimant, and the employer appealed. Upon appeal the circuit court reversed the Commission "for want of jurisdiction under state law". The employer had denied in its answer that the Workmen's Compensation Commission had jurisdiction of the claim, but after the judgment of the circuit court holding that the Commission was without jurisdiction, the employer appealed.

The Supreme Court held that the employer was not aggrieved by the judgment of the circuit court and dismissed the appeal, stating, 88 S.W.2d loc. cit. 1021:

"As the case stood before the appeal was granted, this particular action was finally determined in the appellant's favor. We cannot see how appellant is aggrieved in any manner, as far as the action pending in the circuit court is concerned, by being deprived of the opportunity to further litigate it. Neither do we agree with the theory that appellant is aggrieved in the sense that that term is used by the statute, by the possibility it will be required to defend another action before some other tribunal. The statute, properly construed, means that a litigant must be aggrieved or injured by that particular judgment, or, as section 1023, supra, says, that error was committed by the trial court 'against the party,' before he should have the right to appeal."

The same situation prevails in the case here under consideration. When the appeal was taken the action had been finally determined in the appellant's favor as to this particular action. Under the quoted portion of the McClain case, the fact that the employer may have in prospect the necessity to defend a common-law action does not alter his position because that would be before another tribunal.

It does seem that the Commission had jurisdiction to determine any issue properly before it, but we cannot of course pass upon this if we are without jurisdiction of the appeal. Even though the circuit court erred in ordering the claim dismissed for want of jurisdiction in the Industrial Commission, the error was not prejudicial to the employer's rights. The claim as the order stands is finally determined in the employer's favor. We cannot see how it is aggrieved by this. As stated in Hall v. Goodnight, 138 Mo. 576, loc. cit. 590, 37 S.W. 916, loc. cit. 919, and cited with approval in the McClain case:

"A party to an action, under our Code, can not successfully ask for a reversal of judgment because of an error which was not prejudicial to his substantial rights, however greatly the result may appear to him to lack the perfect symmetry which should characterize the performances of courts of law."

The decision in the McClain case was not reached, as the employer here contends, upon the theory that the employer was estopped because it had pleaded that the Commission lacked jurisdiction. The court said, 88 S.W.2d loc. cit. 1021:

"It seems reasonably clear to us that appellant had no right to appeal. And this is true not because, * * * appellant is estopped by reason of its pleading that the Workmen's Compensation Commission had no jurisdiction, but because the right of appeal is statutory and the statute does not confer

that right under the circumstances of this case."

The ruling in the McClain case leads us to conclude that the statute gives no right of appeal to the appellant in this case, and that the appeal should therefore be dismissed. It is so ordered.

ANDERSON and RUDDY, JJ., concur.