**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Respondent,**

**v.**

**ARMACOST MOTORS, INC., et al., Defendants,**

**and**

**Airport-Auditorium Motel Corporation, Defendant-Appellant.**

**No. 57606.**

Supreme Court of Missouri,
Division No. 1.

Dec. 10, 1973.

Earl H. Schrader, Jr., Minor C. Livesay, Frank O. Benson, Asst. Counsel, Missouri State Highway Commission, Kansas City, for plaintiff-respondent.

Frank P. Sebree, Frederick Beihl, Shook, Hardy, Mitchell & Bacon, Kansas City, for defendant-appellant, Airport-Auditorium Motel Corp.

WELBORN, Commissioner.

Appeal from order of trial court, denying motion of defendant in condemnation action, to consolidate all of that defend-

ant's exceptions and to try them together as exceptions relating to one assemblage, or alternatively to permit the value of each separate parcel owned by defendant to be shown to have been enhanced because of the "reasonable probability" of their being combined into one assemblage in the "reasonably near future." Jurisdiction of this court is premised upon a difference in value, in the event that the land be treated as an assemblage, of over $400,000 above the value of the tracts valued separately.

This appeal is a step in a protracted condemnation action, filed by the State Highway Commission in 1963, to obtain right-of-way for the construction of the Crosstown Freeway in Kansas City. The report of commissioners was filed November 8, 1963. Airport-Auditorium Motel Corporation was the owner of five contiguous parcels of property, each separately described in the condemnation petition, and located in the 1400 blocks of Broadway and Central.

In 1970, Airport-Auditorium filed its motion to consolidate its exceptions and to try the case as a case involving one assemblage of land leading to one verdict by the jury. Evidence on the motion was presented by both parties.

The theory of the defendant-movant was that the five tracts had been acquired for use as a motel site. The state's position was that the property had been acquired with full knowledge of the pending condemnation.

On October 27, 1971, the court entered its order, which was subsequently amended on December 2, 1971. The amended order reads as follows:

"The order of this Court entered October 27, 1971 is amended to read as follows:

"Exceptions to the award of the Commissions for tracts mentioned in paragraphs 25.0, 26.0, 27.0, 28.0 and 29.0 of plaintiff's petition, in each of which defendant Airport-Auditorium Motel Corporation is alleged to own an interest, are consolidated for trial before one jury. However, defendant's motion that the cases be tried as if all the land constitutes one single tract for the purpose of arriving at values is overruled. The jury will be instructed to return a separate verdict with respect to each tract, and evidence rulings will be consistent with the above orders.

"Defendant's motion, in the form of a letter, filed November 15, 1971, that the Court rule that the various tracts of land may be enhanced in value because of the 'reasonable probability' of their being combined in the 'reasonably near future' is overruled. The Court concludes that defendant knew, or should have known, that the land would be taken by plaintiff, before the parcels were combined in one owner, *and* before there was any relationship between the various owners that might give rise to the reasonable probability of their being combined in the reasonably near future.

"This order is designated as a final order for the purpose of appeal."

Defendant has appealed from this order.

As above stated, appellant premises the jurisdiction of this court on the claim that there is an amount in controversy in excess of $30,000, the notice of appeal having been filed prior to January 1, 1972. Respondent has not questioned the jurisdiction of this court. Neither party has given attention to the more basic problem of whether or not the order appealed from is an appealable order. "The right of appeal shall be as provided by law." Rule 81.01, V.A.M.R. Section 512.020, RSMo 1969, V.A.M.S., is the basic statutory provision granting the right to appeal in civil cases. Essentially the right of appeal from a final judgment has been granted to the aggrieved party. Certain orders are expressly made appealable, to-wit: An "order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of parti-

tion which determine the rights of the parties, or * * * from any special order after final judgment in the cause; * * *." The order here involved does not fall within any of those categories. The order is obviously not a final judgment, inasmuch as it does not dispose of "all the parties and all the issues in the case." Tucker v. Miller, 363 Mo. 820, 253 S.W.2d 821, 823 [1] (1953); State ex rel. State Highway Commission v. Smith, 303 S.W.2d 120 (Mo.1957); Bennett v. Wood, 239 S.W.2d 325, 327 [3] (Mo.1951); State ex rel. Fletcher v. New Amsterdam Casualty Co., 430 S.W.2d 642, 645 [6] (Mo. App.1968).

In State ex rel. State Highway Commission v. Smith, supra, this court rejected an attempted appeal in a condemnation case from an order of the trial court, denying a motion of a defendant for an order that machinery in a plant on condemned property be considered a part of the realty taken in condemnation. The essential difference between the order here under consideration and that in the Smith case is that in Smith the trial court had not designated the order as appealable, whereas here the trial court did so. However, that difference does not make this order appealable. As above noted, the right of appeal is "as provided by law." Rule 81.06, in establishing a method for determining in instances covered by the rule whether or not a judgment is final for purpose of appeal, cannot extend the right of appeal granted by the statute. Mo. Const. Art. V, § 5, V.A.M.S. There must be either a judgment or an order within the limits prescribed by § 512.020. In this case, there is no judgment, only an order which does not fall within the limits of § 512.020. The direction of the trial court that the order is final for purpose of appeal is without effect. There is no judgment from which an appeal lies and this appeal must be dismissed. State ex rel. State Highway Commission v. Smith, supra.

Appeal dismissed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.