LIPTON REALTY, INC., Appellant,

v.

ST. LOUIS HOUSING AUTHORITY, Respondent.

No. 46587.

Missouri Court of Appeals, Eastern District, Division Three.

July 19, 1983.

P. Terrence Crebs, St. Louis, for appellant.

Edward C. Cody, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Lipton Realty, Inc. (appellant herein), appeals from the trial court's dismissal of Count I of its petition against respondent, St. Louis Housing Authority. We dismiss the appeal without prejudice as premature.

The St. Louis Housing Authority by written contract leased an apartment complex in St. Louis, Missouri, from Lipton Realty, Inc. After the term of the lease expired, Lipton filed a three-count petition for damages against the Housing Authority. Count I sought $397,481 in damages for the cost of repairs which the Housing Authority was required but failed to make under the lease agreement. Count II sought "in the alternative" $152,100 which represented the diminution of the fair market value of the property caused by the Housing Authority's failure to make repairs as alleged in Count I. Count III was for unpaid rent allegedly due under the lease.

On appellant's motion, the trial court ordered a separate trial of Count I pursuant to Rule 66.02. The trial court then sustained respondent's motion to dismiss Count I and designated the order a final judgment for purposes of appeal under the following provision in Rule 81.06:

When a separate trial is had before the court without a jury of *claims* arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered. (Emphasis added.)

The record on appeal shows no disposition of the other two counts.

On appeal we consider, *sua sponte*, our jurisdiction to consider this appeal. *See State ex rel. State Highway Commission v. Smith*, 303 S.W.2d 120, 121 (Mo.1957); *Gaa v. Edwards*, 626 S.W.2d 685, 686 (Mo.App. 1981). Specifically the issue is whether the trial court's dismissal of Count I disposes of a "claim" and thus satisfies that threshold requirement for being designated as appealable under Rule 81.06.

■ The right of appeal is a statutory right governed by § 512.020, RSMo (1978). *Weir v. Brune*, 364 Mo. 415, 262 S.W.2d 597, 599 (1953); *see e.g. State ex rel. State Highway Commission v. Armacost Motors, Inc.*, 502 S.W.2d 330, 332 (Mo.1973). Rule 81.06 cannot extend the right of appeal granted by the statute. *Moreland v. State Farm Fire & Casualty Co.*, 620 S.W.2d 24, 25 (Mo.App.1981). Although Rule 81.06 provides for piecemeal appeals from the otherwise interlocutory disposition of a claim, the disposition must satisfy the statutory requirement of finality. In order for a partial disposition to be a proper subject for appellate review, it must constitute a distinct "judicial unit"; that is, a judgment which terminates the action with respect to the claim adjudged. *Shell v. Shell*, 605 S.W.2d 185, 191 (Mo.App.1980); *see e.g. Spires v. Edgar*, 513 S.W.2d 372 (Mo. banc 1974); *Johnson v. Great Heritage Life Ins. Co.*, 490 S.W.2d 686, 689–90 (Mo.App.1973). Accordingly "[a]n order dismissing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain

pending ...." *Weir v. Brune,* 262 S.W.2d at 600.

■ Appellant's petition seeks recovery on two claims. The first claim is contained in Counts I and II. The only difference between the counts is their respective theories on the measure of damages. Appellant would be entitled to only one recovery on that claim. Count III is a separate claim for unpaid rent based upon the lease. The trial court's disposition of Count I involved a partial disposition of a claim or a splitting of the "judicial unit." "An order on a part of a claim or on issues not disposing of the whole of a claim is not a final [appealable] judgment." *State ex rel. State Highway Commission v. Smith,* 303 S.W.2d at 123. "It is the final judgment on a claim, not the ruling on a pleaded issue that is appealable." *Weir v. Brune,* 262 S.W.2d at 600. The trial court therefore erred in designating Count I as a final judgment for purposes of appeal[1] under Rule 81.06.

Appeal dismissed without prejudice as premature.

REINHARD and CRIST, JJ., concur.

---

1. *Homebuilders Ass'n of Gr. Kansas City v. Kansas City,* 431 S.W.2d 111 (Mo. banc 1968), cited by appellant during oral argument, does not command a different result. *Homebuilders* was a twenty-one count action on a total of ninety-four municipal contracts executed during three distinct time periods. Each of the first three counts sought a declaratory judgment that the contracts executed during the respective time periods were valid and enforceable. *The supreme court reported nothing about the remaining eighteen counts other than that they "consisted of various other alternative theories of recovery for the contracts involved."* Appellant suggests that by holding the declaratory judgment on the first three counts was properly designated as appealable under Rule 82.06 (now Rule 81.06), the supreme court held that a determination of some of several alternative counts in a petition is appealable under the Rule. We note, however, that the supreme court invalidated the contracts in the first count and remanded to permit *inter alia* trial of other counts pertaining to those contracts. Earlier cases interpreting the Rule were not questioned; and as we know very little about the parties, "theories" or relief requested in the remaining counts, we assume the Rule was consistently applied and that the remaining counts were alternative to each other, not to the first three.