**William A. KNIGHT, Jr. and Annabelle Pierce Knight, Plaintiffs-Appellants,**

v.

**Leo KEATON and Theresa Keaton, et al., Defendants-Respondents.**

No. 46391.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 1, 1983.

Jane Ann Hobbs, St. Louis, for plaintiffs-appellants.

William Randolph Weber, St. Charles, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiffs, William and Annabelle Knight, appeal from an order of the trial court dismissing their two count second amended petition with prejudice, for failure to state a claim upon which relief may be granted. The petition was filed to quiet title to a one-half acre strip of land along the southeastern boundary of property owned by

plaintiffs and alleged that any interest defendants formerly had in the strip of land was as an easement and it had been extinguished by non-use for ten years, Count I, or by abandonment, Count II. We dismiss the appeal for lack of jurisdiction because there is no final appealable judgment.

The trial court's September 3, 1982 order from which plaintiffs appeal states the following: "Plaintiffs' Second Amended Petition to Quiet Title, Counts I and II are ordered dismissed with prejudice. Plaintiff's [sic] granted 30 days leave up to and including October 4, 1982, in which to file an amended petition claiming relief upon the theory of adverse possession." On October 4, 1982, plaintiffs filed both a notice of appeal to this court regarding the dismissal and a third amended petition to quiet title under the theory of adverse possession in the circuit court. The third amended petition is now pending below.

 The question in this case is whether the dismissal with prejudice coupled with leave to amend is a final judgment where an amended petition is filed within the time granted.

A final judgment is a prerequisite to appellate jurisdiction. *Taylor v. F.W. Woolworth,* 641 S.W.2d 108, 110 (Mo. banc 1982). Absent a final judgment the appeal is premature and must be dismissed. *Dudeck v. Ellis,* 376 S.W.2d 197, 204 (Mo.1964). Generally to be final, a judgment must dispose of all parties and issues. *Bolin v. Farmers Alliance Mutual Insurance Co.,* 549 S.W.2d 886, 889 (Mo. banc 1977). The trial court was authorized to dismiss the petition and grant leave to amend within a specified time. Rule 67.06. The rule provides that if an amended pleading is not filed within the time allowed a final judgment of dismissal with prejudice shall be entered on motion. We read the trial court's order, under Rule 67.06, to be an order that the cause be dismissed for failure to state a cause of action unless an amended pleading claiming

relief upon the theory of adverse possession be filed within thirty days and that if no amended pleading be filed that the dismissal be with prejudice. Plaintiffs filed an amended pleading which is still pending before the trial court and we find no judgment has been entered.[1] If the trial court indicates in any way that a dismissal of the petition is not meant to be a dismissal of the plaintiffs' action, the order does not dispose of the case and is not final. *Hunt v. Dallmeyer,* 517 S.W.2d 720, 723 (Mo.App. 1974).

Appeal dismissed.

REINHARD and CRANDALL, JJ., concur.

---

1. In view of our holding, we need not decide whether the dismissal of Counts I and II or of either of them was correct. Plaintiffs may elect to replead those counts in conjunction with the adverse possession count so that their contentions may be reached on appeal after final judgment, even if they are again dismissed by the trial court.