**Gloria Gene LAKE, Plaintiff-Appellant,**

v.

**DURHAM LIFE INSURANCE CO., Associated Consultants, Inc. and Washington University, Defendants-Respondents.**

No. 45694.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 29, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1984.

Application to Transfer Denied
Feb. 15, 1984.

David G. Lupo, St. Louis, for plaintiff-appellant.

John A. Michener, David J. Massa, St. Louis, for defendants-respondents.

PER CURIAM.

In response to motions filed by the defendants, the trial court dismissed two counts of plaintiff's four count petition and struck the prayer for punitive damages in one of the remaining counts. The trial court designated the rulings as a final order under Rule 81.06 and plaintiff appeals. We dismiss the appeal, nevertheless, as premature.

In her petition, plaintiff alleged that her husband purchased a $10,000 group life insurance policy from defendant Durham Life Insurance Company through defendants Washington University and Association Consultants, Inc. acting as Durham's agents. Thereafter, plaintiff's husband applied for an increase in coverage to $25,000, was billed for and paid the premium for that amount. Plaintiff was, at all times, the beneficiary named in the policy. Upon her husband's death, plaintiff claimed the $25,000, but Durham tendered only the initial amount of $10,000 apparently on the theory that it had rejected the application to increase the coverage.

In Count I, the only count wholly untouched by the trial court's ruling, plaintiff sought from Durham the $25,000 coverage, plus penalties allowed by statute for vexatious refusal and attorney fees. Count II was against Durham and Association Consultants and sought the same damages as those prayed in Count I on the theory that defendants "are estopped to deny their liability," plus $100,000 in punitive damages against each of them. The claim for punitive damages in Count II was predicated on the allegation that the "refusal of Defendants to pay is willful, malicious and wanton ..." The prayer for punitive damages in Count II was stricken. In Count III, which the trial court dismissed, plaintiff sought damages against Association Consultants based upon its alleged gross negligence in carrying out its duties as Durham's agent in billing and accepting payment from plaintiff's husband for the increased coverage and failing to advise him that the coverage was not in effect. In Count III, plaintiff also sought judgment for $25,000 actual damages, penalties for vexatious refusal, attorney fees and $200,000 punitive damages. The trial court also dismissed Count IV which sought damages against Washington University for its alleged negligence in failing "to see that said increased coverage was processed for approval or was rejected" and plaintiff's husband so notified.

Count IV prayed for $25,000, attorney fees, and damages for vexatious refusal.

■ In spite of the trial court's designation of its order as final and appealable under Rule 81.06, it is appropriate that, "we consider, *sua sponte,* our jurisdiction to consider this appeal." *Lipton Realty Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792, 793 (Mo.App.1983). As pointed out in that case, Rule 81.06 does not enlarge upon the basic requirement of § 512.020, RSMo 1978, that the disposition appealed from be final. "In order for a partial disposition to be a proper subject for appellate review, it must constitute a distinct 'judicial unit'; that is, a judgment which terminates the action with respect to the claim adjudged." *Id.* When the effect of the trial court's action is to dismiss counts and claims and leave pending others which in fact assert alternate theories of recovery for the same wrong, the trial court's order is not appealable. *Lipton,* supra; *Weir v. Brune,* 364 Mo. 415, 262 S.W.2d 597, 600 (1953).

■ In the instant case, Count II actually asserts but one claim, that respondents Durham and Association are "estopped" from denying liability for the death benefits to plaintiff. The trial court's order disposes of only a part of that claim by ruling in effect that punitive damages are not recoverable in the pleaded circumstances.[1] In any event, Association's potential liability, which was terminated by the trial court's dismissal of Count III is founded upon the same claim as that asserted in Count II, albeit on a different theory of liability: estoppel as opposed to gross negligence. Hence, the defect discussed in *Lipton* and *Weir,* supra, arises, i.e., dismissal of one count while leaving in existence another based on an alternate theory of recovery.

As discussed in *Shell v. Shell,* 605 S.W.2d 185, 191 (Mo.App.1980), Rule 81.06 is meant to further and to implement the objectives of Rule 66.02, which allows the trial court to order a separate trial of any claim when

such procedure "will be conducive to expedition and economy." Yet, as said in *Shell,* "the result adjudged must constitute an independent unit which finally disposes of the claims within the unit." By mounting a many faceted attack on the various defendants, the plaintiff made difficult the trial court's efforts to simplify the effectuation of justice. What we have before us is not a "judicial unit" or even a group of judicial units complete within themselves.

The appeal is dismissed as premature.

---

1. We leave for another day the disposition of the threshold issue of whether actual damages can be recovered on an estoppel theory. See, for example, *Shaffer v. Hines,* 573 S.W.2d 420, 422 (Mo.App.1978) where the function of estoppel is seen as a shield rather than a sword; "It cannot be used to create a cause of action, if the action did not otherwise exist."