**Marie ZAEGEL, Plaintiff-Appellant,**

v.

**Frederick J. ZAEGEL, II, and Repco Printers & Lithographers, Inc., a corporation, Defendants-Respondents,**

**and**

**STATE of Missouri ex rel. Marie ZAEGEL, Relator-Appellant,**

v.

**Frederick J. ZAEGEL, II, President of Repco Printers & Lithographers, Inc., Respondent.**

No. 49099.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 19, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied April 26, 1985.

James J. Raymond, St. Louis, for plaintiff-appellant.

Richard A. Wunderlich, St. Louis, for defendants-respondents.

CRANDALL, Judge.

Plaintiff, Marie Zaegel, appeals from the dismissal without prejudice of her petition against defendants, Frederick J. Zaegel, II, and Repco Printers & Lithographers, Inc., (Repco) for, inter alia, an injunction, declaratory judgment, and mandamus. We dismiss the appeal without prejudice.

Initially defendant filed a petition for dissolution of marriage against plaintiff (Cause No. 504478). Plaintiff then filed this action which sought to establish her ownership rights in the stock of Repco (Cause No. 508550), a corporation allegedly controlled by her husband. On her motion this action was consolidated with the dissolution action. Thereafter on defendant's motion the following order was entered by the trial court:

Petitioner-Defendant's Motion to Dismiss cause # 508550 is hereby sustained.

Said cause is hereby dismissed without prejudice.

It is from this order that plaintiff appeals.

In order for an appeal to lie from the court's ruling, there must be a final judgment or order. § 512.020, RSMo (1978); *Hamilton v. Hamilton,* 661 S.W.2d 82, 83 (Mo.App.1983). In this case, the trial judge's ruling is interlocutory where he did not designate it as appealable. *See* Rule 81.06; *Lipton Realty, Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792, 793 (Mo.App.1983). Consequently, the dismissal is not an appealable order.

The appeal is therefore premature. In so holding, we decline to address the issue of whether the dismissal would be appealable if the trial judge had so designated it.

This appeal is dismissed without prejudice as premature. Defendant's motion for damages under Rule 84.19 is denied.

DOWD, P.J., and CRIST, J., concur.