Thomas H. GEORGE,
Plaintiff-Appellant,

v.

McDONNELL DOUGLAS CORPORA-
TION, Defendant-Respondent.

No. 48906.

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1985.

Arthur S. Margulis, Clayton, for plaintiff-appellant.

Dennis C. Donnelly, St. Louis, for defendant-respondent.

GAERTNER, Judge.

Plaintiff appeals from an order sustaining defendant's motion to dismiss Count I and II of plaintiff's petition for failure to state a cause of action. We dismiss the appeal as premature.

Plaintiff, Thomas H. George, filed a four count petition against defendant, McDonnell Douglas Corp. In his petition plaintiff asserts four causes of action, Count I, wrongful termination; Count II, breach of contract; Count III, prima facie tort; and Count IV, service letter. All the allegations were primarily based on the same set of facts, that is, plaintiff, an employee of defendant, was allegedly wrongfully discharged.[1]

---

1. An extended discussion of the alleged facts on which the case is based is unnecessary. However, it should be noted that plaintiff's statement of facts was in violation of Rule 84.04(h) in that there were no page references given as to the source of the information. Additionally, plaintiff's points relied on does not comply with Rule 84.04(d). It fails to enumerate the "wherein and why" of the court's error.

Defendant moved to dismiss Counts I, II and III for failure to state a cause of action. The circuit court sustained defendant's motion to Counts I and II, but overruled its motion to Count III. The record indicates no disposition of Count IV. From that order plaintiff appeals.

 In order for the appellate court to have jurisdiction, the judgment which is appealed must be final. *Taylor v. F.W. Woolworth Co.*, 641 S.W.2d 108, 110 (Mo. banc 1982). If a judgment is not final, the appeal must be dismissed. *Knight v. Keaton*, 660 S.W.2d 752, 753 (Mo.App.1983). A judgment is final and appealable if it "dispose[s] of all parties and issues and leave[s] nothing for the court's later determination." *Crow v. Bertram*, 681 S.W.2d 6, 7 (Mo.App.1984). Additionally, a trial court may designate an order as final for purposes of appeal even if it does not completely dispose of all issues or parties so long as the order disposes of a "distinct 'judicial unit.' " *See* Rule 81.06; *Lipton Realty, Inc. v. St. Louis Housing Authority*, 655 S.W.2d 792, 793 (Mo.App.1983).

▪ In the present case the trial court entered the following order:

Defendant's Motion to Dismiss Count I and II sustained. Defendant's Motion to Dismiss Count III, overruled.

It is apparent from the order that the court did not designate it as final pursuant to Rule 81.06. Therefore, we must determine if "the claims on which [the] order was based were entirely separate, independent, and unrelated to the undisposed of claims." *Chubb Group of Insurance Companies v. C.F. Murphy & Associates, Inc.*, 656 S.W.2d 766, 772 (Mo.App.1983). If the claims are merely alternate theories of recovery based on the same wrong, the trial court's order is not final nor appealable. *Lipton Realty, Inc. v. St. Louis Housing Authority*, 655 S.W.2d at 793; *Lake v. Durham Life Insurance Co.*, 663 S.W.2d 322, 324 (Mo.App.1984). We find they were not.

▪ Plaintiff asserts four causes of action in his petition against defendant.

Each cause was based on essentially the exact same factual situation, that plaintiff had been wrongfully discharged by defendant. Specifically, Counts I, II and III to which defendant's motion was directed all evolve from the same transaction or occurrence, the discharge of plaintiff. Plaintiff would be allowed only one recovery if he was wrongfully discharged. The various claims he asserts are merely alternative theories on which to base his possible recovery. As such, they are not separate, distinct units from which an appeal may lie. The appeal is dismissed as premature.

PUDLOWSKI, P.J., and KAROHL, J., concur.

