Barney A. KARBANK, et al.,
Appellants,

v.

Lawrence D. HANS, et al.,
Respondents.

No. 35806.

Missouri Court of Appeals,
Western District.

May 28, 1985.

George E. Leonard, Jennifer A. Gille, Russell S. Jones, Jr., Shughart, Thomson & Kilroy, Kansas City, for appellants.

Richard L. Routman, Grier & Swartzman, Kansas City, for respondents.

Before TURNAGE, C.J., Presiding Judge, and MANFORD and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This is a suit by three partners (Karbank Group) and the partnership Gregory Fifty Corporation (GFC) of which the Karbank Group has an aggregate fifty percent interest, against Sam's Department Store, Inc., (Sam's) and Lawrence and Richard Hans (Hans). The Hans together own the other fifty percent of GFC. The Hans also are the chief officers and sole shareholders of Sam's. At the heart of this matter is a dispute between the Karbank Group and the Hans Group as to whether Sam's gave proper and timely notice and renewed a lease on GFC partnership property where GFC was landlord and Sam's is the tenant. On a motion by Sam's and the Hans, several counts of the petition were dismissed. The Karbank Group as individuals and on behalf of the partnership appealed.

In order to address the threshold question whether there is a final appealable judgment, the following facts are recounted showing the sometimes confusing relationship of the litigants.

In August, 1979 Lawrence and Richard Hans and Sam's brought suit for declaratory judgment against the Karbank Group, to declare the lease renewed. It alleged the Gregory Fifty Corporation was formed in 1959 and held the land in question. Sam's entered into a lease in June of 1959 for 20 years with two ten year options to renew. In May of 1977 Gregory Fifty changed to a partnership which included the Karbank and Hans Group. That suit was voluntarily dismissed by the Hans.

The 1959 lease, signed by the Hans on behalf of both landlord and tenant was to begin 14 days after the completion of the building at Highway 50 and Gregory in Raytown or when the tenant commenced business. Rent was at $2,675 a month plus 1¼% of gross sales over $2,500,000. The lease could be renewed by the tenant giving written notice to the landlord of its election at least 12 months before the term ended. No address for the mailing or delivery of the notice to the landlord was filled in.

In August, 1982, this suit was filed by the Karbank partners and the partnership against the Hans and Sam's. Count I was to eject Sam's for failing to exercise renewal. It alleged the term began in November, 1959 and expired on November 11, 1979. Count II alleged a lack of good faith by the Hans in the partnership, particularly their allowing Sam's to remain in occupancy by their collusion on the lease renewal and asked a declaratory judgment against Sam's that the lease was not renewed and declaring the rights, liabilities and responsibilities of all the parties as partners in Gregory Fifty with respect to the extension of the lease. Count III sought damages for the individual plaintiffs from defendants Hans for $250,000 for breach of fiduciary duty because they refused to recognize the Sam's lease was never renewed and thus allowed Sam's to remain on the prem-

ises and caused this damage and waste to the partnership.

The court's order which gave rise to this appeal dismissed the partnership claims as to Counts I and II 1) because a suit cannot be maintained in the name of the partnership entity but must be brought in the names of the individual partners; and 2) because the individual plaintiff's, not being a majority and not composing 66⅔% of the ownership as provided by the partnership agreement, lacked standing to bring Counts I and II in their individual capacity. This order was denominated as final for the purposes of appeal. Following briefing and oral argument it is now apparent this order should be held not final and the appeal must be dismissed.

By the ruling of the court, the main issue in contest here, that as between the two sets of partners as to how or when the lease was renewed, and the alleged double-dealings by the Hans remains to be tried. If favorable to Hans, *i.e.*, no wrong doing is found on their part in the renewal, then that judgment, along with the Counts I and II can be reviewed on appeal. Likewise, if the Karbank claim on Count III is sustained and Hans are found to have breached a duty on the renewal process. The appeal can then deal with the matters of standing, real party in interest, and joinder as to declaratory relief. That ultimate issue of Sam's renewal on the lease question is dependent on the resolution of Count II, the claim against the Hans, and will be determined in the trial of Count III. It has not been adjudicated by the dismissal of the first two counts as to "the partnership" and the individual claims of three partners.

The right to appeal is governed by § 512.020 Revised Statutes of Missouri, 1978, which provides, generally, an appeal may be had only from a final judgment, *Chubb Group of Ins. v. C.F. Murphy & Assoc.*, 656 S.W.2d 766, 771 (Mo.App.1983). "To be final and appealable, a judgment must dispose of all parties and all issues in the case ..." *Chubb, supra*, at 771.

Rule 81.06 in part holds:

When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered.

*See Lipton Realty, Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792 (Mo.App. 1983).

Although Rule 81.06 provides for piecemeal appeals from otherwise interlocutory disposition of a claim, it must satisfy the finality requirement of the statute. *Lipton,* at 793. "In order for a partial disposition to be a proper subject for appellate review, it must constitute a distinct 'judicial unit'; that is a judgment which terminates the action with respect to the claim adjudged." An order dismissing some but not all of alternative counts, each stating but one legal theory for damages for the same wrong, is not appealable. *Lipton,* at 793. Even though such a partial judgment is designated to be final for appeal, such designation is not conclusive. *Shell v. Shell,* 605 S.W.2d 185, 189 (Mo. App.1980).

Inquiry must be made by the appellate court to determine finality and ultimately jurisdiction to rule on the appeal, *Shell, supra,* at 190. This court must then decide whether the order in the trial court constituted a separate judicial unit terminating the action with respect to the claim adjudged. *Shell,* at 191; *Klippel v. Watkins,* 667 S.W.2d 28, 30 (Mo.App.1984).

In this case the three counts are really one and the same. Although the defendants own a corporate entity and are individual partners, they are the same. The renewal of a lease and ability of Sam's to stay on the premises depends on the notice it gave by its shareholders, Hans, to the landlord-partners, Hans. The whole

case, all three counts are inextricably connected by the issue of fiduciary duty, or lack thereof, by Hans. Any damages that may flow to the plaintiffs do so because of a breach of duty or improper activity by the Hans as partners, either as to impropriety on the lease renewal or their failure to join in with the Karbank Group to oust Sam's.

The counts dismissed are but variations of the activity of the Hans. The order dismisses two of the three counts and does not dispose of the whole claim and is not final and therefore not appealable. *Lipton, supra,* at 794. The effect of the trial court's order is to dismiss some counts of a claim and leave pending those which in fact assert alternate theories of recovery for the same wrong. *Lake v. Durham Life Insurance Co.,* 663 S.W.2d 322, 324 (Mo. App.1983). The issue of wrongful activity by the Hans runs throughout the case, and since that issue still remains in Count III, it is impossible to vest jurisdiction of this appeal at this time, since the judgment is not final. *Calvert v. Latimer,* 670 S.W.2d 588, 590 (Mo.App.1984).

The appeal is dismissed as premature.

All concur.