**In the Interest of R.D., a Minor, by Willard C. REINE, Guardian Ad Litem, Appellant,**

v.

**I.D., Natural Mother, Respondent.**

**No. WD 41818.**

Missouri Court of Appeals, Western District.

Oct. 24, 1989.

---

Willard C. Reine, guardian ad litem for Minor Child, Jefferson City, for appellant.

Curtis G. Hanrahan, Jefferson City, for respondent.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

This is a proceeding instituted by a juvenile officer to terminate the parental rights of the mother in the male child R.D., born in 1983. The ground asserted as a basis for termination is that found in § 211.447.2(3), RSMo 1986,[1] namely, that continuation of the parent-child relationship greatly diminishes the child's prospects for early integration into a stable and permanent home. More specifically, the petition focused on § 211.447.2(3)c. Under this last cited subsection, the court considering termination is instructed to consider the mental condition of the parent which renders the person unable knowingly to provide the child with necessary care, custody and control.

It is unnecessary for purposes of this opinion to restate all of the evidence presented to support the termination of the mother's parental rights. It suffices to say that the petitioner's evidence showed the child to have been in foster care virtually since birth, that the mother has a history of mental illness with periods of hospitalization, that the mother has a limited range of intelligence and without medication, she is apt to lapse into a mental state involving possible hallucinations and delusions. The child appears to have superior intellect and would qualify for accelerated educational programs. Most recently, the mother has been functioning normally, takes care of the home for her husband and also provides temporary care for a four year old boy while his parents are at work.

The trial court entered its order denying the petition for termination finding that the evidence did not prove the mother unable to knowingly provide the child the necessary care, custody and control. The court also found that additional services would not be likely to bring about a lasting parental adjustment enabling a return of the child to the mother within an ascertainable time. The effect of the judgment was to continue the child in foster care.

This appeal is prosecuted by the guardian ad litem who asserts for various reasons that the trial court erred when it failed to terminate the mother's parental rights. He asks this court either to remand the case to the trial court for entry of certain findings he contends would demonstrate the causes for termination or, in the alternative, to enter an order of termination.

■ Counsel have cited no reported cases, and independent research has disclosed none, in which an order denying termination of parental rights has been appealed. It is, however, clear that a guardi-

1. All statutory citations are to RSMo 1986.

an ad litem is empowered to prosecute an appeal from any disposition he determines to be adverse to the best interests of the child. Section 211.462.3(1). From this it necessarily follows that a guardian at least has the requisite standing to appeal a judgment in a termination of parental rights case, whether the judgment be to order or to deny termination.

A somewhat more difficult question is whether a judgment refusing to terminate parental rights is appealable. In order for the appellate court to have jurisdiction, the judgment which is appealed must be final. A judgment is final and appealable if it disposes of all parties and issues and leaves nothing for the court's later determination. *George v. McDonnell Douglas Corp.,* 689 S.W.2d 845, 846 (Mo.App.1985).

■ In the present case, R.D. was removed from the mother's home in 1983 and placed² in foster care. The juvenile court entered its finding of jurisdiction over the child in 1987, continuing the foster care placement. The effect of the judgment denying termination of parental rights and also denying a return of the child to its mother is to continue the pre-petition status of the case retaining the child under the jurisdiction of the juvenile court. The proceedings as to R.D. are therefore not concluded, first because the current foster care placement is by nature not permanent and, second, because the juvenile court's retention of jurisdiction over the child may at any time require intervention in matters affecting the child's welfare.

A further aspect of the case militates against a finding that the current judgment has the required elements of finality. The decision to deny termination amounts only to a holding that the juvenile officer failed to prove by clear, cogent and convincing evidence the particular ground on which the petition for termination relied. Because the court is charged with the duty of promoting the best interests and welfare of the child, § 211.443, it follows that the present judgment could not be construed to preclude the filing and adjudication of a subsequent petition for termination of parental rights as to this child based on other statutory grounds or, upon the same ground proved by additional evidence.

■ The inherent limitations upon appellate review of an order denying a petition for termination of parental rights serve further to demonstrate a practical ground effectively limiting appellate jurisdiction. In the present case, the guardian complains of the trial court's failure to make express findings of grounds *not* to order termination and a further absence of a finding as to the best interests of the child.

The statutory provisions for termination of parental rights, §§ 211.442 through .487, place express limitations on the juvenile court where termination is ordered. It must appear by clear, cogent and convincing evidence that one of the statutory grounds for termination exists. *In Interest of C.M.M.,* 757 S.W.2d 601, 604 (Mo. App.1988). It is the prerogative of the trial court to determine the credibility of the witnesses and to accept or reject all, part or none of the testimony. *In Interest of D–V–V–,* 677 S.W.2d 396, 402 (Mo.App. 1984). Under those rules, a trial judge may base his decision to deny termination of parental rights on the ground that the evidence was insufficient to meet the high standard of clear, cogent and convincing, or he may simply find the testimony of witnesses supporting termination not to be credible and may reject all that evidence. There is no requirement that a trial court state grounds upon which termination is denied, first because there is no burden of proof on the parent to adduce any evidence or prove fitness and second, because denial of termination may simply be based on non-proof, that is, rejection of the petitioner's proof as failing to meet the clear, cogent and convincing standard.

The foregoing tends to render a judgment denying termination of parental rights virtually immune from challenge by appeal, at least where the appellant claims as here that the proof did suffice and that termination should have been ordered. The contention that this court should reverse the judgment and direct entry of a judgment terminating the mother's parental rights to R.D. is untenable, even were this court to have jurisdiction to make such a disposition.

The trial court found, as its judgment expresses, that it was not persuaded the mother was knowingly unable to provide the child the necessary care, custody and control. In court tried cases, the appellate court must defer to the trial court on factual issues because it is in a better position not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record. *In re Adoption of W.B.L.,* 681 S.W.2d 452, 455 (Mo. banc 1984). The rule is particularly appropriate in this case where the mother was before the court and her abilities and attitude constituted intangibles the trial court was best able to judge.

The judgment from which this appeal was taken is not a final disposition of the case necessary as a condition for this court to entertain jurisdiction over the appeal. Jurisdiction over the child will continue in the juvenile court and further orders as to his care and placement will no doubt be required. The present judgment denying termination does not foreclose the prospect that another petition for termination may be presented to the court at a future date nor is the present judgment a bar to a later order of termination based on different grounds or additional evidence.

In view of the continuing nature of the case and in the absence of authority to the contrary, we hold the order denying termination of parental rights entered in this case not to be a final appealable judgment. The consequence is that the appeal must be dismissed and the cause remanded to the trial court for its continuing exercise of jurisdiction over the child. This disposition leaves open to the parties and to the court such further action as may be found to be in the best interests of the child.

The appeal is dismissed.

All concur.